## FLOYD *v.* CITY OF BAINBRIDGE *et al.*

PER CURIAM. 1. This case is controlled adversely to the plaintiff in error by the ruling made in *City of Bainbridge* v. *Jester,* 157 *Ga.* 505 (121 S. E. 798), in which case Floyd, plaintiff in error in the present case, was a party. The same relief was sought in both cases, in the former by petition in equity and in this case by illegality.

2. In the prior decision above mentioned, the majority of the court held the paving contract to be valid and binding, and that it became necessary for the complainant to pay or tender the amount actually due by such abutting-property owner.

3. We are requested to review and overrule the decision in *Bainbridge* v. *Jester,* supra. The request is denied.

*Judgment affirmed. All the Justices concur.*

No. 5673. JUNE 18, 1927.

Affidavit of illegality of execution. Before Judge Spooner. Decatur superior court. September 3, 1926.

*G. G. Bower,* for plaintiff in error.

*Vance Custer Jr.* and *Candler, Thomson & Hirsch,* contra.

GILBERT, J., specially concurring. I concur in the judgment in this case, being bound by the judgment in the former case, but adhere to the views expressed in the dissent in the former case. In addition to the authorities cited in the dissent, the annota-

Judgments, 34 C. J. p. 817, n. 84; p. 990, n. 45.
Municipal Corporations, 28 Cyc. p. 1187, n. 31.

tions to the case of *Montgomery* v. *Allanta* (162 *Ga.* 534), in 47 A. L. R. at page 250, are cited on the principle that when the paving contract is totally void no payment or tender of payment is necessary to secure relief.